influence of passion, prejudice, or any other arbitrary factor.' " *Owens v. State,* supra, 233 Ga. at 871-872.

By supplement to the record, it has been determined that three jurors were stricken by the state for cause based upon their opposition to capital punishment and that the transcript of the voir dire examination cannot be transmitted to this court for review during this term of court. See Code Ann. § 2-3705, § 24-3801.

It is therefore ordered as follows: The judgment of this court affirming defendant's conviction is reaffirmed, but the judgment of this court affirming defendant's sentence to death is vacated, and the case is remanded to the trial court with direction that the trial court complete the transcript as to the voir dire examination of jurors so that this court can pass upon the appeal. Code Ann. § 6-809 (b).

If the voir dire examination cannot be transcribed, the trial court is directed to grant a new trial as to sentence or, in lieu thereof, vacate the death sentence and sentence the defendant to life in prison.

*Judgment affirmed in part, vacated in part and remanded with direction. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

*Note:* Pursuant to direction from the Supreme Court opinions will not be published in the following seventeen (17) habeas corpus cases. Rule 32 (k), Supreme Court Rules.

### 29920. NEAL v. HOPPER.

The trial court did not err in remanding the appellant to custody.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only. Hill, J., disqualified.*

DECIDED SEPTEMBER 2, 1975.

James Oliver Neal, *pro se.*

*Arthur K. Bolton, Attorney General,* for appellee.

## 29979. SMITH v. HOPPER.

The trial court did not err in remanding the appellant to custody.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Gunter, J., who dissents. Hill, J., disqualified.*

DECIDED SEPTEMBER 2, 1975.

Freddie Smith, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.

## 30066. SIMMONS v. BALKCOM.

The trial court did not err in remanding the appellant to custody.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 2, 1975.

Franklin Lamar Simmons, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.

## 30075. CUMBO v. HOPPER.

The trial court did not err in remanding the appellant to custody.

*Judgment affirmed. All the Justices concur.*